UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

QATONIOUS LEE SIRKANEO,                                              PETITIONER
*also known as* WALTER ALLEN BROOKS
ADC #105681

V.                              No. 4:22-CV-4-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction                                      RESPONDENT

## **MEMORANDUM OPINION**[1]

Petitioner Qatonious Lee Sirkaneo ("Sirkaneo") is currently serving a life sentence plus forty-five years in the Varner Supermax Unit of the Arkansas Division of Correction ("ADC") after being convicted in 2017 of first-degree murder, attempted first-degree murder, and a firearms enhancement. *Sirkaneo v. State*, 2022 Ark. 124 (2022); *Doc. 11-1 at 53–57*. Because Sirkaneo had been convicted of rape in 1995, he was sentenced as a career offender. *Doc. 11-1 at 5.*

Sirkaneo now petitions the court for habeas corpus relief from the 1995 rape conviction.[2] *Doc. 1*. For the reasons explained below, the Court concludes that

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 10*.

[2] Sirkaneo was paroled on the rape conviction in February 2010 and it is unclear from the record if he is *currently* incarcerated on the rape conviction based on parole revocation proceedings. *Doc. 11-1 at 19*. However, the Court assumes, without deciding, that the habeas Petition is not moot. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998) ("Once the convict's sentence has expired…some "collateral consequence" of the conviction [] must exist if the suit is to be maintained.").

Sirkaneo's habeas Petition is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) and dismisses the Petition, with prejudice.

## I. Background

On March 8, 1995, Sirkaneo, at that time known as Walter Allen Brooks, entered a negotiated guilty plea in St. Francis Circuit Court to one count of rape. *Doc. 11-1 at 66*. Additional counts of kidnapping, aggravated robbery, theft of property, and terroristic threatening were dismissed. *See Doc. 11-2 at 2–4*. Sirkaneo was sentenced to 35 years' imprisonment in the ADC. *Doc. 11-1 at 66*. Sirkaneo did not appeal his conviction. *Doc. 1 at 5*.

In Spring 2002, Sirkaneo began sending letters to the St. Francis Circuit Court requesting information about his rape conviction and sentence. On March 14, 2002, he requested a certified copy of the Judgment and Commitment Order. *Doc. 11-2 at 38*. In April 2002, he asked the St. Francis County Clerk to "immediately correct[]" the Judgment and Commitment Order because he believed it incorrectly indicated he would be required to serve seventy percent of his sentence before becoming eligible for parole. *Doc. 11-2 at 41–42*.

In December 2003, Sirkaneo filed a Freedom of Information Act (FOIA) request for "a complete copy of [his] transcript." *Doc. 11-2 at 46*. In January 2004, he sent a "Motion for Discovery" to the prosecuting attorney. *Doc. 11-2 at 49–53*.

2

Despite raising concerns regarding his sentence, Sirkaneo never sought postconviction relief in state court.

On January 3, 2022, Sirkaneo, proceeding without the assistance of counsel, filed this § 2254 habeas action. *Doc. 1*. In his Petition, he alleges that:

    (1)    he was denied assistance of counsel at his arraignment proceedings;

    (2)    once appointed counsel, his trial counsel was ineffective for:

        (a) refusing to "investigate all possible defenses available," including the fact that Sirkaneo had not been read his Miranda rights; and

        (b) refusing to "prepare and file any pretrial motions" or otherwise investigate the facts of the case.

    (3)    trial counsel "adamantly included [him] to make a[n] involuntary plea of guilty" through "threats, coercion, lies [and] erroneous faulty legal advice;"

    (4)    the judgment was imposed in violation of Arkansas Rules of Criminal Procedure 24.4, 24.5, 24.6, and 24.7; and

    (5)    the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

*Doc. 1 at 5–16*.

Respondent Payne filed a Response in which he argues that Sirkaneo's Petition is barred by the applicable statute of limitations.[3] *Doc. 11*. Sirkaneo has filed a Reply. *Doc. 13*. Thus, the issues are joined and ready for disposition.

---

[3] Because the Court finds that Sirkaneo's Petition is indeed barred by the statute of limitations, it need not address Respondent's alternative arguments that Sirkaneo's habeas claims: (1) are procedurally defaulted; and (2) fail on the merits. *Doc. 11 at 6–22*.

3

## II. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, the limitations period begins to run from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." *Id.* However, "state prisoners…whose convictions became final before AEDPA's enactment are entitled to a one-year 'grace period' following the Act's enactment." *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). That grace period expired on April 24, 1997. *Id.*

Accordingly, for Sirkaneo, the one-year limitations period began to run on April 24, 1996 and he had until April 24, 1997 to initiate this habeas action. Because Sirkaneo did not initiate this habeas action until January 3, 2022, more than twenty-four years past the statutory deadline, his habeas Petition is time barred unless there was applicable statutory or equitable tolling which extended the one-year limitations period.

### B. Tolling

#### 1. *Statutory Tolling*

The AEDPA provides for tolling during the pendency of a "properly filed application for State postconviction or other collateral review." 28 U.S.C.

4

§ 2244(d)(2) (emphasis added). Sirkaneo did not seek state postconviction relief for his *1995 rape conviction*.[4] Accordingly, the AEDPA's one-year limitations period for Sirkaneo to file his § 2254 petition was not subject to any statutory tolling.

### 2. Equitable Tolling

The limitations period may also be equitably tolled if a habeas Petitioner can show that he diligently pursued his rights, but that some extraordinary circumstance stood in his way and prevented timely filing. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (*quoting Holland v. Florida*, 560 U.S. 631, 649 (2010)). It is Sirkaneo's burden to prove he is entitled to this "exceedingly narrow window of relief." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

In his Reply, Sirkaneo contends that his § 2254 Petition was untimely because "[h]e suffers from serious mental disease and disorders." *Doc. 13 at 16*. He attaches abstracted testimony from a psychologist and psychiatrist that examined Sirkaneo during his first-degree murder and attempted first-degree murder proceedings. *Doc. 13 at 53–68*. They opined that Sirkaneo: (1) has "some significant emotionally or mental problems…and trouble with memory;" (2) is paranoid and irritable; (3) likely

---

[4] Sirkaneo sought, and was recently denied, state postconviction relief for his 2017 first-degree murder, attempted first-degree murder, and firearm enhancement convictions. *See Sirkaneo v. State,* 2022 Ark. 124.

5

received brain damage "early in life;" and (4) was suffering from an "untreated major mental illness"…with "symptoms consistent with bipolar disorder." *Id.*

"A physical or mental impairment may support equitable tolling, [but] whether it will do so depends on its degree and duration." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (internal quotations omitted). To be entitled to equitable tolling, Sirkaneo must "allege[] that his disability was so severe that it precluded him from filing court documents or seeking the assistance of others to do so." *Id.* Sirkaneo has failed to point to any such facts or circumstances. To the contrary, Sirkaneo has filed *many* legal documents and correspondence over the years, including: the previously mentioned letters, FOIA request, and Motion for Discovery seeking case documents; a 2004 Petition to change his legal name (*Doc. 11-2 at 54*); and a 2008 Petition to the Sex Offender Assessment Committee requesting that he not be required to register as a sex offender (*Doc. 11-2 at 62–63*). He also represented himself at his second trial on the murder, attempted murder, and fire enhancement charges. *Sirkaneo v. State*, 2022 Ark. 124, 2. These are not the actions of a petitioner whose mental illness was *so* severe that he could not pursue § 2254 relief.

Further, Sirkaneo does not indicate that he took *any* actions to diligently pursue his federal habeas rights in the last 24 years. *See Gordon v. Arkansas*, 823

F.3d 1188, 1195–96 (8th Cir. 2016) (indicating that claims of mental incompetency do not excuse petitioners from the reasonable diligence requirement).

In his Petition, Sirkaneo also argues that he did not pursue *state* postconviction relief because "counsel refused to file Rule 37 Petition" or provide him the case file, and the "trial court refused to provide certified copy of plea proceedings," including the transcript. *Doc. 1 at 5*, *9, 13, 14, 15, 17–18*. He also claims he is "ill equip[ped] in knowledge of law." *Doc. 18*. Equitable tolling is concerned with "a petitioner's failure to comply with *federal* timing rules." *Holland v. Fla.*, 560 U.S. 631, 650 (2010) (emphasis in original). While Sirkaneo contends that his lack of legal knowledge and access to his legal file caused his failure to pursue *state* postconviction proceedings, this claim is at least tangentially related to his failure to timely pursue *federal* postconviction proceedings.

However, Sirkaneo is not entitled to any equitable tolling on that claim based on his *pro se status* or lack of legal knowledge. *See Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that petitioner's *pro se* status or lack of understanding of post-conviction rules does not justify equitable tolling); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Further, Sirkaneo's contention that he lacked case documents,[5] in of itself, did not prevent him from timely filing his

---

[5] When Sirkaneo *eventually* requested documents related to his conviction from the St. Francis County Clerk and Prosecutor, both offices promptly responded to his requests and provided him with access to the requested documents. *Doc. 11-2 at 41, 52*.

7

federal habeas petition. *See Jihad*, 267 F.3d at 806 ("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.").

Accordingly, the AEDPA's one-year limitations period for Sirkaneo to file his § 2254 petition was not subject to any equitable tolling.

### C. Actual Innocence

Throughout his habeas Petition, Sirkaneo alleges that he is actually innocent of the underlying conviction. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass," to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). However, the actual innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Sirkaneo has not alleged the existence of any "*new* reliable evidence." Instead, he argues that, prior to pleading guilty, he told his trial attorney he was "actually" and "literally" innocent but the "trial court refused to take[] any hair samples, semen samples, saliva samples, [or] DNA samples." *Doc. 1 at 7, 8, 9–10*. Because the sought-after DNA evidence was available at the time of his plea, it is not *new* reliable evidence. *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005), as amended (June

21, 2005) ("Evidence is only 'new' if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'").

Accordingly, Sirkaneo is not entitled to the actual innocence exception to overcome the expiration of the statute of limitations. *Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis.").

### III. Conclusion

Sirkaneo filed his § 2254 Petition outside the AEDPA's one-year limitations period. Because he is not entitled to statutory or equitable tolling, and cannot procced through the actual innocence "gateway," his Petition is untimely. IT IS THEREFORE ORDERED THAT:

1. Sirkaneo's Petition for Writ of Habeas Corpus (*Doc. 1*) is DISMISSED, with prejudice, as time barred.

2. A certificate of appealability is DENIED. *See Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

DATED this 7th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE